## SMITH v. HORN et al.

### No. 3572.

Court of Civil Appeals of Texas. Beaumont.

Jan. 25, 1940.

Rehearing Denied Feb. 7, 1940.

E. E. Davis, of Newton, for appellant.

Minton & Minton, of Hemphill, for appellees.

COMBS, Justice.

This suit was for recovery of possession of a refrigerator placed in the home of appellee T. J. Horn for demonstration purposes by an agent of appellant. It was alleged that appellee Horn and A. A. Wilson refused to allow removal of the refrigerator. Wilson was also made a party defendant. Both defendants answered by general demurrer and general denial. But upon the trial, the defendant Wilson offered proof to the effect that plaintiff's agent had, by fraudulent representation, sold a refrigerator to Mrs. Wilson, wife of defendant, and collected therefor $264.50; that when he demanded return of his money the agent promised to leave the refrigerator in the Horn home as additional security for return of the money. The trial court rendered judgment for plaintiff for possession of the refrigerator but conditioned the possession with a requirement that plaintiff first refund to Wilson the $264.50 paid by Mrs. Wilson to appellant's agent for the refrigerator which she bought.

### Opinion.

The judgment is clearly erroneous. Under the pleadings and the evidence appellant is entitled to possession of the refrigerator sued for. Whatever action appellee Wilson has against appellant for fraud must be asserted in a separate suit upon proper averments, either for damages or for rescission and an offer to return the refrigerator purchased by the wife. That cause of action could not properly have been asserted in this suit for repossession of the refrigerator placed by appellant's agent with appellee Horn, even if it had been pleaded.

The judgment of the trial court will be reformed so as to award to appellant possession of the refrigerator sued for, unconditionally. As so reformed, the judgment is affirmed.

Reformed and affirmed.